## BLANC v. WESTON.

### No. 4625.

District Court, S. D. Iowa, Central Division.

April 15, 1939.

Orwig & Hague, of Des Moines, Iowa, for plaintiff.

Bair & Freeman, of Chicago, Ill., and Russell E. Ostrus, of Des Moines, Iowa, for defendant.

DEWEY, District Judge.

In this suit on a motion by the plaintiff, an order was directed to the defendant Paul Weston to appear before this court on the 23d day of March, 1939, and show cause why the defendant should not be attached for contempt of court in failing to obey an order of injunction heretofore allowed and issued by the court in this case.

Later the hearing was continued until April 3, 1939, at which time the defendant appeared and filed a resistance to the citation for contempt. Evidence was introduced and the question of whether the defendant should be held for contempt submitted.

The decree, which it is charged has been violated by the defendant, restrains the defendant from directly or indirectly "using or causing to be used, any device or apparatus embodying or containing the invention of said Letters Patent No. 2,069,871."

The defendant admits the use of a certain tool, which is in evidence as Exhibit A–3, and this exhibit, together with the general offer of all exhibits and records of former hearings and certain affidavits filed by the defendant in support of his resistance to the citation, constitute the evidence on this hearing.

Plaintiff relies in these proceedings solely upon Claim 6 of his patent, so that the narrow question for determination in this suit is whether the tool, Exhibit A–3, being used by the defendant, infringes Claim 6 of plaintiff's patent.

As the challenged tool is before the court, and as this court has already gone over the question twice, no advantage will be accomplished by going into detailed descriptions.

I cannot agree with plaintiff that the defendant's cutter-head and blades, Exhibit A–3, perform every function of plaintiff's patented head and blades. The blades of defendant's tool, being made of heavy

material, lack the cutting qualities of plaintiff's thin and flexible materials.

Since I have become acquainted with the patent involved in this case and the prior art and use, I have been convinced that a tool with the blades in direct opposition and so anchored to the base as to be incapable of being adjusted, do not infringe. And this thought was based upon a belief that the prior art, and especially the prior use of defendant's Exhibit 7, referred to in my original decree, discloses such an instrument or tool.

While flexibility was an important element in plaintiff's patent, it was not and could not be the controlling element, as the prior art and the prior use, Exhibit 7, show and contain flexible blades.

It is elementary that that which does not anticipate cannot infringe.

Therefore, on the question of fact, I find that—

1st, that the defendant has ceased using the device heretofore employed by him and which this court held was an infringement.

2nd, I find that the tool or device now being used by him, Exhibit A–3, does not infringe Claim 6 of plaintiff's patent.

And, as a conclusion of law, I find—

That the defendant has not infringed the injunction heretofore issued in this suit.

The Clerk will therefore enter the following order:

This suit having come on for hearing in open court at Des Moines, Iowa, on the 3d day of April, 1939, upon a motion by the plaintiff that the defendant show cause why he should not be punished for contempt in violation of an injunction issued in this suit, and the defendant having appeared and shown sufficient cause and that he has not violated the injunction, the motion of the plaintiff to show cause is dismissed, at plaintiff's costs.